# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROJO,<br>CDCR #J-53355,<br><br>                                Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN STATE PRISON;<br>SMITH, Correctional Officer; JONES,<br>Correctional Officer; D. PARAMO,<br>Warden; A. HERNANDEZ, Deputy<br>Warden; DIRECTOR/SECRETARY,<br>California Department of Corrections,<br><br>                                Defendants. | Civil No.   13cv2237 LAB (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 6)**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

James E. Rojo ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California on May 8, 2013.

On September 17, 2013, United States District Judge William H. Orrick determined that because Plaintiff's claims arose at RJD, venue was proper in the Southern District of California and transferred the matter here pursuant to 28 U.S.C.

§§ 84(d), 1391(b) and 1406(a) (ECF Doc. No. 8). Judge Orrick did not rule on Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 6), nor did he screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A prior to transfer.

## I. PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward

---

[1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by RJD's trust account officials verifying his available balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 6) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

**A.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Defendant RJ Donovan State Prison

As an initial matter, the Court finds that to the extent Plaintiff names R.J. Donovan State Prison as a Defendant, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for both failing to state a claim and for seeking damages against a defendant who is immune.  R.J. Donovan, a state prison within the jurisdiction of the State of California's Department of Corrections and Rehabilitation ("CDCR"), is not a "person" subject to suit under § 1983.  *Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983).  And if by naming R.J. Donovan, Plaintiff really seeks to sue either the CDCR or the Stare of California itself, his claims are clearly barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against R.J. Donovan State Prison, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

### C.     Respondeat Superior - Director/Secretary of CDCR & Wardens

Plaintiff also names the Director/Secretary of the CDCR, as well as the Warden and a Deputy Warden at RJD as Defendants, but his Complaint contains virtually no allegations that any of these individuals knew of or took any part in any constitutional violation.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).  Thus, in order to avoid the respondeat superior bar, Plaintiff must include sufficient "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, including personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As currently pleaded, however, Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against the Director/Secretary of the CDCR, Warden Paramo, or Deputy Warden Hernandez. Therefore, the Court finds Plaintiff has failed to state a claim against any of them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D. Harassment claims - Defendants Smith and Jones

As to RJD Correctional Officers Smith and Jones, Plaintiff alleges that after he was released from Ad-Seg on an unspecified date after a charge of battery on a fellow inmate against him was dismissed, Smith and Jones "harassed" him by "telling inmates they need to look deeper into [his] past before they do or say anything." (Compl. at 3.) Plaintiff includes no further detail.

Verbal harassment or abuse by prison officials generally does not implicate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Thus, without more, Plaintiff's claims that Jones and Smith verbally harassed him must be dismissed for failing to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2); § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

/ / /

/ / /

### E.     Medical Treatment & Deprivation of Property

Finally, Plaintiff mentions "being denied medical treatment," and having "11 boxes" of property "kept in the Ad-Seg property room" and not returned to him immediately after his release from Ad-Seg. (Compl. at 3.)

As to Plaintiff's medical care, only "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). First, he must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104). Second, Plaintiff must include enough factual content to show that the defendant's response to that need was deliberately indifferent. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As to his property claims, where a prisoner alleges to have been deprived of property based on the unauthorized negligent or intentional acts of a correctional official, he cannot state a constitutional claim if the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because the CTCA provides him with an adequate post-deprivation remedy, any claim Plaintiff may wish

to pursue based on the negligent or even intentional deprivation of "11 boxes" of unspecified property is not cognizable under § 1983.

Thus, even if Plaintiff had or could identify the individual persons he wishes to hold liable under § 1983 for denying him medical care or depriving him of personal property, his Complaint, as currently pleaded, is clearly insufficient to state a plausible claim for relief under either the Eighth or Fourteenth Amendments. *See Iqbal*, 556 U.S. at 678 ("'[N]aked assertion[s]' devoid of 'further factual enhancement,'" fail to comply with FED.R.CIV.P. 8(a)(2) and cannot survive a motion to dismiss) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007)).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 6) is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Ph.D., Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.

1 | Plaintiff's Amended Complaint must be complete in itself without reference to his
2 | original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*
3 | *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes
4 | the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All
5 | causes of action alleged in an original complaint which are not alleged in an amended
6 | complaint are waived.").[2]

7 | DATED: October 24, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] Finally, Plaintiff is cautioned that should his Amended Complaint still fail to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).