# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROJO, CDCR #J-53355,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN STATE PRISON; SMITH, Correctional Officer; JONES, Correctional Officer; D. PARAMO, Warden; A. HERNANDEZ, Deputy Warden; DIRECTOR/SECRETARY, California Department of Corrections,<br><br>　　　　　　　　　　Defendants. | Civil No.　13cv2237 LAB (BGS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I. PROCEDURAL HISTORY

On May 8, 2013, James E. Rojo ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California.

On September 17, 2013, United States District Judge William H. Orrick determined that because Plaintiff's claims arose at RJD, venue was proper in the

1  Southern District of California and transferred the matter here pursuant to 28 U.S.C.
2  §§ 84(d), 1391(b) and 1406(a) (ECF Doc. No. 8). Judge Orrick did not rule on Plaintiff's
3  Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF
4  Doc. No. 6), nor did he screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)
5  or § 1915A prior to transfer.

6  This Court granted Plaintiff's Motion to Proceed IFP and simultaneously
7  dismissed his Complaint for failing to state a claim upon which relief could be granted
8  pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b). (ECF Doc. No. 11 at 8-9.) Plaintiff
9  was granted leave to file an Amended Complaint in order to correct the deficiencies
10 identified in the Court's Order. (*Id.*) Plaintiff has now filed his First Amended
11 Complaint ("FAC"). (ECF Doc. No. 13.)

12 **II.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

13 As the Court stated in the previous Order, notwithstanding IFP status or the
14 payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates
15 the Court to review complaints filed by all persons proceeding IFP and by those, like
16 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced
17 for, or adjudicated delinquent for, violations of criminal law or the terms or conditions
18 of parole, probation, pretrial release, or diversionary program," "as soon as practicable
19 after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions
20 of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,
21 which are frivolous, malicious, fail to state a claim, or which seek damages from
22 defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*
23 *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*
24 *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

25 "[W]hen determining whether a complaint states a claim, a court must accept as
26 true all allegations of material fact and must construe those facts in the light most
27 favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also*
28 *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.   Defendant RJ Donovan State Prison

Once again, the Court finds that to the extent Plaintiff names R.J. Donovan State Prison as a Defendant, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for both failing to state a claim and for seeking damages against a defendant who is immune. R.J. Donovan, a state prison within the jurisdiction of the State of California's Department of Corrections and Rehabilitation ("CDCR"), is not a "person" subject to suit under § 1983. *Hale v. State of Arizona*, 993

F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). And if by naming R.J. Donovan, Plaintiff really seeks to sue either the CDCR or the State of California itself, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against R.J. Donovan State Prison, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

**C.     Respondeat Superior - Director/Secretary of CDCR & Wardens**

Despite the Court's previous admonitions, Plaintiff once again names the Director/Secretary of the CDCR, as well as the Warden and a Deputy Warden at RJD as Defendants, but his First Amended Complaint contains virtually no allegations that any of these individuals knew of or took any part in any constitutional violation. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).    Thus,  in order to avoid the respondeat superior bar, Plaintiff must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, including personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As currently pleaded, however, Plaintiff's First Amended Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against the

Director/Secretary of the CDCR, Warden Paramo, or Deputy Warden Hernandez. Therefore, the Court finds Plaintiff has failed to state a claim against any of them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.     Due Process

Plaintiff alleges that he "had to spend three months in [Administrative Segregation] for something which was never proven or even verified." *See* FAC at 4. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a due process claim, Plaintiff must first identify the interest at stake. *Id.* at 221. Liberty interests may arise from the Due Process Clause itself or from state law. *Id.*

The Due Process Clause by itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes "atypical and significant hardship" on the inmate "in relation to the ordinary incidents of prison life." *Id.* at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, sufficient facts related to the conditions in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." 515 U.S. at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the

prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to allege a due process violation, Plaintiff's First Amended Complaint must contain sufficient "factual content that allows the court to draw the reasonable inference" that his stay in Ad-Seg imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Iqbal*, 556 U.S. at 678; *Sandin*, 515 U.S. at 483-84. Plaintiff's Complaint, however, fails to include any "further factual enhancement" which might suggest any major disruption in his environment, any comparison to the conditions of his previous confinement in the general population, or any mention whatsoever as to its potential effect on the length of his sentence. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Sandin*, 515 U.S. at 486-87. Plaintiff must offer more that "naked assertions devoid of further factual enhancement" in order to state a due process claim; and instead must include "sufficient factual matter," *id.*, which demonstrates "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). This he has failed to do; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-Seg, and thus, has failed to state a due process claim. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091 (9th Cir.1985) (finding that administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration), *abrogated in part on other grounds by Sandin*, 515 U.S. 472; *see also Myron*, 476 F.3d at 718 (finding no "atypical and significant deprivation" where prisoner

/ / /

failed to allege conditions at level IV prison differed significantly from those at a level III prison).

Accordingly, the Court finds Plaintiff's First Amended Complaint fails to state a due process claim as to any named Defendant upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").[1]

DATED: April 21, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Finally, Plaintiff is cautioned that should his Amended Complaint still fail to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).