UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROJO, CDCR #J-53355,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>R.J. DONOVAN STATE PRISON; SMITH; JONES; D. PARAMO; A. HERNANDEZ; DIRECTOR/SECRETARY California Department of Corrections,<br><br>　　　　　　　　　　Defendants. | Civil No.　13CV2237-LAB(BGS)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 17]** |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff filed a motion for appointment of counsel. (Doc. No. 17.) Plaintiff states he us unable to afford counsel and that his imprisonment "will greatly limit his ability to litigate." (*Id*.) Plaintiff further states that his claims are complex and will require significant research and investigation. Finally, Plaintiff contends he has limited law library access, limited legal knowledge and that counsel "would better enable plaintiff to present evidence and cross examine witness[es]." (*Id*.)

     The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

     Plaintiff has thus far been able to articulate his claims.  (Doc. No. 15.) Furthermore, it does not appear that the legal issues involved are complex. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Moreover, it does not appear that Plaintiff has a likelihood of success on the merits because the court already recommended that the claims as stated in his First Amended Complaint be dismissed for failing to state a claim.  In the Second Amended Complaint, Plaintiff again names the Warden and Deputy warden, but Plaintiff has not added any allegations that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also* Doc. No. 14 at 4.  The same is true for Plaintiff's due process allegation. Plaintiff has not stated a protected liberty interest such that the facts related to the conditions in As-Seg create the type of atypical, significant deprivation...." *Sandin v. Conner,* 515 U.S. 472, 486 (1995).

The Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**IT IS SO ORDERED.**

DATED: May 28, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court