

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   JAMES E. ROJO,                          Civil No.     13cv2237 LAB (BGS)
     CDCR #J-53355,
12
                              Plaintiff,     **ORDER:**
13
                                             **1)  DISMISSING SECOND**
14                                           **AMENDED COMPLAINT**
                                             **FOR FAILING TO STATE**
15                  vs.                      **A CLAIM PURSUANT**
                                             **TO 28 U.S.C. § 1915(e)(2)(B)**
16                                           **AND § 1915A(b)(1)**
17   D. PARAMO, Warden; A. HERNANDEZ,        **(ECF Doc. No. 15)**
     Deputy Warden; Mr. BEARD, Secretary
18   CDCR; JONES, Correctional Officer;      **AND**
     SMITH, Correctional Officer;
19   Dr. M. GARIKAPARTHI,                    **2) DENYING PLAINTIFF'S**
                                             **MOTION FOR PRELIMINARY**
20                            Defendants.    **INJUNCTION**
21                                           **(ECF Doc. No. 20)**
22
23   **I.       Procedural History**
24          On May 8, 2013, James E. Rojo ("Plaintiff"), a state prisoner currently
25   incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego,
26   California and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983
27   in the Northern District of California.
28   / / /

On September 17, 2013, United States District Judge William H. Orrick determined that Plaintiff's claims arose at RJD; therefore, venue was proper in the Southern District of California and the matter was transferred here pursuant to 28 U.S.C. §§ 84(d), 1391(b) and 1406(a) (ECF Doc. No. 8). Judge Orrick did not rule on Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), nor did he screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A prior to transfer.

On October 25, 2013, this Court granted Plaintiff's Motion to Proceed IFP, but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b) (ECF Doc. No. 11). Specifically, the Court dismissed Plaintiff's claims against RJD on Eleventh Amendment grounds, *id.* at 5, dismissed his claims against the Director/Secretary of the CDCR and RJD Wardens Paramo and Hernandez because Plaintiff failed to allege any individualized wrongdoing on their parts, *id.* at 5-6, dismissed his allegations of verbal harassment on the part of Correctional Officers Smith and Jones because he failed to allege facts which might give rise to an Eighth Amendment violation, *id.* at 6, and dismissed Plaintiff's vague mention of "being denied medical treatment" and deprived of his property because his Complaint contained only "naked assertions" and no "further factual enhancement" sufficient to state a plausible claim for relief under either the Eighth or Fourteenth Amendments. *Id.* at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies identified in the Court's Order. *Id.* at 8-9.

Plaintiff filed a First Amended Complaint ("FAC") (ECF Doc. No. 13), but it too was dismissed sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF Doc. No. 14). Because Plaintiff's FAC continued to name RJD, its Wardens, and the Secretary of the CDCR as Defendants, and continued to suffer from the same pleading problems noted in the Court's October 25, 2013 Order, it was dismissed for failing to state a claim upon which relief can be granted. *Id.* at 7. To the

extent Plaintiff appeared, for the first time, to specifically challenge the validity of a three-month stint in Administrative Segregation, however, he was advised of the pleading requirements necessary to show a liberty interest under the Fourteenth Amendment and *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995), and provided another opportunity to amend. *Id.* at 5-7.

On May 16, 2014, Plaintiff filed his Second Amended Complaint ("SAC") (ECF Doc. No. 15), which re-names all previously named parties except RJD,[1] and adds an additional defendant, Dr. M. Garikaparthi. *See* SAC at 1, 2. Two weeks later, on May 30, 2014, Plaintiff also submitted a Motion for Preliminary Injunction (ECF Doc. No. 20).

## II.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.   Standard of Review

As Plaintiff is now well aware, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are

---

[1] Because Plaintiff has never sufficiently stated a claim against RJD, and no longer includes RJD in his SAC as a Defendant, all purported claims against RJD are considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged on an amended complaint are waived.").

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**B.     Plaintiff's Second Amended Complaint**

Plaintiff's Second Amended Complaint suffers from many of same deficiencies of pleading noted by the Court in its two previous Orders.  For example, Plaintiff continues to sue CDCR Secretary Beard and RJD Warden Paramo based solely on their positions within the CDCR and RJD, and their "responsibil[ity] for . . . operations" within the "California Prison system" and RJD.  *See* SAC at 1-2, ¶¶ 2, 4.  Because

1  Plaintiff has previously been informed that he "must plead that each government-official
2  defendant," through his "own individual actions, has violated the Constitution," and not
3  rely on a theory of respondeat superior liability to state a claim under § 1983, *see* Oct.
4  25, 2013 Order at 5-6; April 23, 2014 Order at 4-5 (citing *Iqbal*, 556 U.S. at 676), the
5  Court dismisses Plaintiff's Second Amended Complaint for failing to state a claim
6  against Defendants Beard and Paramo pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)
7  and without further leave to amend.  *See AE ex rel. Hernandez v. County of Tulare*, 666
8  F.3d 631, 636 (9th Cir. 2011) (noting district court's discretion to deny leave to amend
9  when "amendment would be futile or the plaintiff has failed to cure the complaint's
10  deficiencies despite repeated opportunities.").

11      To the extent Plaintiff claims Associate Warden Hernandez "placed [him] in . . .
12  administrative segregation," despite being aware that his "lock-up" was unwarranted, *see*
13  SAC at 2, ¶ 3, but does not further allege any facts related to the conditions or duration
14  of his segregation sufficient to show "the type of atypical, significant deprivation [that]
15  might conceivable create a liberty interest" sufficient to justify due process protection
16  under the Fourteenth Amendment, *see* April 23, 2014 Order (quoting *Sandin*, 515 U.S.
17  at 486), his Second Amended Complaint must also be dismissed for failing to state a
18  claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Because Plaintiff has
19  previously been notified of this pleading deficiency, but has failed to correct it, the Court
20  also finds further leave to amend this claim would also be futile.  *AE ex rel. Hernandez*,
21  666 F.3d at 636.

22      To the extent Plaintiff again claims Correctional Officers Smith and Jones are
23  alleged to have "inform[ed] other inmates" of Plaintiff's "past record," and to have
24  violated his "privacy" by "telling others that [Plaintiff] is not a good person," *see* SAC
25  at 4-5, the Court again finds these allegations, without more, remain insufficient to show
26  the cruel and unusual punishment which is proscribed by the Eighth Amendment.  *See*
27  Oct. 25, 2013 Order at 6 (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)); *see*
28  *also Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (noting that "the loss of

privacy is an 'inherent incident[ ] of confinement.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)).  Because Plaintiff has also been notified of this pleading deficiency before, yet has failed to correct it, further leave to amend this claim is denied.  *AE ex rel. Hernandez*, 666 F.3d at 636.

As to the sole remaining, and newly added Defendant, Dr. Garikaparthi, Plaintiff claims he "threatened" to "stop all his medications and let Plaintiff die," on an unspecified date after he "became upset when Plaintiff refused to take seizure medications."  SAC at 4.  Plaintiff alleges to suffer from "multiple" medical issues, including a "metal rod in [his] spine," fibermyalgia [sic], neuropathy, diabe[tes], asthma, [and] COPD."  *Id.*  Plaintiff further claims Garikaparthi refused to "issue [him] any pain medications," in order to retaliate against him for having "filed a complaint to the Medical Board," and "a civil action" which he alleges is currently "being litigated in the Northern District of California."  *Id.*

As Plaintiff was advised in the Court's October 25, 2013 Order, to the extent he seeks to hold Dr. Garikaparthi, or any prison official liable under § 1983 for denying him adequate medical care, he must allege both a "serious medical need," and "deliberate indifference" to that need.  *See* Oct. 25, 2013 Order at 7 (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).  While Plaintiff now claims to suffer from several conditions which the Court will presume are sufficiently serious to satisfy *Estelle's* objective requirements, *see e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (finding the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" sufficient "indications that a prisoner has a 'serious' need for medical treatment."), *overrruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc), his claim that Garikaparthi threatened to terminate an unspecified type of medication after he admits he refused to comply with Garikaparthi's previously prescribed course of treatment are insufficient, without more, to show either that

Garikaparthi "purposeful[ly] act[ed] or fail[ed] to respond" to Plaintiff's serious medical needs or that he was harmed as a result. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2010). The Eighth Amendment does not require that Plaintiff receive "unqualified access to health care," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor does it entitle to him to the treatment he wants. *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970). Indeed, a difference of opinion between Plaintiff and his doctor as to which medications are appropriate for his conditions, is not sufficient to support claim of deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (failure to provide local anesthetic for pain does not suffice for an Eighth Amendment claim); *Jackson v. Multnomah County*, 2013 WL 428456 at *4 (D. Or. Feb. 4, 2013) (providing Tylenol instead of narcotic pain medication is not a basis for an Eighth Amendment claim); *Salvatierra v. Connolly*, 2010 WL 5480756 at *20 (S.D.N.Y. Sept. 1, 2010) (providing ibuprofen instead of Percocet does not deprive an inmate of one of life's necessities); *Fields v. Roberts*, 2010 WL 1407679 at *4 (E.D. Cal. April 7, 2010) (refusing to prescribe narcotic pain medication even when an outside doctor recommended it is a difference in medical opinion on the proper course of treatment and is not a basis for an Eighth Amendment claim). Because Plaintiff has been advised of the requirements for pleading an inadequate medical care claim, *see* Oct. 25, 2013 Order at 7, and has still failed to adequately plead such a claim, further leave to amend is denied. *AE ex rel. Hernandez*, 666 F.3d at 636.

Finally, Plaintiff's SAC includes claims of retaliation by Dr. Garikaparthi, who is alleged to have "directed other doctors not to issue Plaintiff any pain medications . . . in retaliation for [Plaintiff's] writing to the medical board, and [for] [a] civil action being litigated in the Northern [D]istrict." SAC at 4.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, Plaintiff must allege sufficient facts to plausibly suggest a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, *i.e.*, "after this, therefore because of this"). Thus, while "the timing and nature" of an allegedly adverse action can "properly be considered" as circumstantial evidence of retaliatory intent, the official alleged to have retaliated must also be alleged to have been *aware* of the plaintiff's protected conduct. *See Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1315-16 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995); *Wood v. Yordy*, __ F.3d __, 2014 WL 2462575 at *4 (9th Cir. June 3, 2014) (No. 12-35336) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" and affirming summary judgment where there was "nothing in the record to indicate [defendant] even knew about [an] earlier [law]suit.").

As currently pleaded, the Court finds Plaintiff's claims of retaliation fail to state a plausible claim for relief because they are based on an unsupported assumption that Dr. Garikaparthi *knew* about Plaintiff's alleged complaint to the medical board or his pending civil suit in the Northern District of California. *Sorrano's Gasco*, 874 F.2d at 1315-16; *Wood*, 2014 WL 2462575 at *4; *see also Coreno v. Gamboa*, 2011 WL 6334351 at *7 (N.D. Cal. 2011) (unpub.) (finding that while prisoner's allegations that doctor reduced narcotic pain medication in retaliation for his inmate grievances and complaint to the California Medical Board were sufficient to show prisoner had engaged in protected conduct, his retaliation claim failed because he did not show doctor "was aware of such conduct at the time.").

In addition, while Plaintiff has failed to identify the civil action he alleges forms the basis of Garikaparthi's allegedly retaliatory animus, the Court takes judicial notice

of *Rojo v. Bright*, N. D. Cal. Civil Case No. 3:12-cv-0215-VC, in which Plaintiff alleges various inadequate medical care claims against doctors at Soledad State Prison related to the deprivation of a walker and pain medication similar to the ones he raises in this action. *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). However, Dr. Garikaparthi is not a named defendant in Plaintiff's pending Northern District case; and Plaintiff's SAC in this action contains no allegations to suggest Garikaparthi, a doctor at RJD, even knew about it, let alone took any adverse action against Plaintiff because of, another civil action he filed two years before arising at a separate correctional facility against different doctors. *Wood*, 2014 WL 2462575 at *4; *Sorrano's Gasco*, 874 F.2d at 1314 (plaintiff's protected conduct must be alleged to be the "substantial" or "motivating" factor in defendant's decision to act).

Finally, Plaintiff's SAC further fails to allege his First Amendment rights were in any way "chilled" by Garikaparthi's behavior; nor does he claim Garikaparthi's actions failed to "advance a legitimate goal." *See Rhodes*, 408 F.3d at 568 n.11 (alleged adverse action must be of the type to silence a person of ordinary firmness); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (retaliatory action must be alleged to have "advanced no legitimate penological interest.").

Thus, for all these reasons, the Court finds Plaintiff's SAC also fails to state a retaliation claim against Dr. Garikaparthi upon which relief can be granted, and therefore it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Because Plaintiff has not yet been provided an opportunity to amend this claim, however, the Court will grant him one final opportunity to amend *this* claim against *this* Defendant only. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) ("Pro se plaintiffs proceeding IFP must also be given an opportunity to amend their complaint / / /

unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

### III.    Plaintiff's Motion for Preliminary Injunction

Plaintiff has also submitted a Motion for a "Preliminary/Permanent Injunction" pursuant to FED.R.CIV.P. 65 (ECF Doc. No. 20).

In his Motion, Plaintiff claims another doctor at RJD named Karan has been "lacking in medical treatment," and is "constantly trying to put [him] on psychotropic meds." *Id.* at 1.  Plaintiff further claims Defendant Hernandez "is now the ADA coordinator" but has done nothing to fix his walker which is "on it's last legs." *Id.* at 2. Finally, Plaintiff requests that "an order be made that C/O F. Lewis be made to administer only to custody matters and stop trying to exert his authority when it comes to medical things." *Id.*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citation omitted).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

To show irreparable harm, the "plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009) (citing *Friends of Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)).  In sum, an injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Winter*, 555 U.S. at 22.

/ / /

1    In this case, Plaintiff's Motion for Preliminary Injunction must be denied for the

2    same reasons his SAC must be dismissed.  In other words, because Plaintiff has failed

3    to state a claim against any named Defendant, he necessarily has not shown that he is

4    "likely to succeed on the merits" of any claim, that "the balance of equities tips in his

5    favor," or that the issuance of an injunction in his case would serve the public interest.

6    *Winter*, 555 U.S. at 20.

7    In addition, an injunction "binds only the following who receive actual notice of it by

8    personal service or otherwise:  (A) the parties; (B) the parties' officers, agents, servants,

9    employees, and attorneys; and (C) other persons who are in active concert or participation with

10   [them]."  FED.R.CIV.P. 65(d)(2).  In general, "[a] federal court may issue an injunction if it has

11   personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not

12   attempt to determine the rights of persons not before the court."  *Zepeda v. INS*, 753 F.2d 719,

13   727 (9th Cir. 1985).  One "becomes a party officially, and is required to take action in that

14   capacity, only upon service of summons or other authority-asserting measure stating the time

15   within which the party served must appear to defend."  *Murphy Bros., Inc. v. Michetti Pipe*

16   *Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Hitchman Coal & Coke Co. v. Mitchell*, 245

17   U.S. 229, 234-35 (1916).

18   Thus, even if Plaintiff could satisfy all the *Winter* factors justifying extraordinary

19   injunctive relief under Rule 65, at this stage of the proceedings, the Court simply lacks

20   jurisdiction over *any* of the parties Plaintiff seeks to enjoin, especially Dr. Karan and C/O F.

21   Lewis who are not, and never have been, named as parties in this case.  *Zepeda,* 753 F.2d at

22   727-28.

23   **IV.   Conclusion and Order**

24   For the reasons set forth above, IT IS HEREBY ORDERED that:

25   1)    Plaintiff's Motion for Preliminary Injunction (ECF Doc. No. 20) is DENIED.

26   / / /

27   2)    Plaintiff's Second Amended Complaint (ECF Doc. No. 15) is DISMISSED for

28   failing to state a claim upon which relief may be granted *without leave to amend* as to all claims

1   alleged against Defendants R.J. Donovan State Prison, D. Paramo, Warden, A. or Alan

2   Hernandez, Deputy Warden, J. Beard, Director/Secretary of the CDCR, D. Jones, and D. Smith,

3   Correctional Officers, and as to Plaintiff's inadequate medical treatment claims against Dr. M.

4   Garikaparthi.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*,

5   621 F.3d at 1004.

6        3)   Plaintiff's Second Amended Complaint (ECF Doc. No. 15) is further DISMISSED

7   for failing to state a retaliation claim against Dr. Garikaparthi pursuant to 28 U.S.C. § 1915(e)(2)

8   and § 1915A(b), but with leave to amend.

9        4)   Plaintiff is GRANTED forty-five (45) days leave in which to file a Third Amended

10   Complaint which cures all the deficiencies of pleading noted in this Order as to his claims of

11   retaliation against Dr. M. Garikaparthi only.  Plaintiff may not include additional claims against

12   Garikaparthi or any other party and may not add new parties.  Should Plaintiff fail to file a Third

13   Amended Complaint within the time provided, or should he file a Third Amended Complaint

14   that fails to adhere to the directions set forth in this Order, his entire action shall be dismissed

15   without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and

16   § 1915A(b).[2]

17

18   DATED:  June 10, 2014

19                          *Larry A. Burns*

20                          **HONORABLE LARRY ALAN BURNS**
                            United States District Judge

21

22

23

24   [2]  Plaintiff is cautioned that such a dismissal may count as a "strike" against him.
     *See* 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).
25   "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*;
     *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA,
26   "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from
     IFP status under the three strikes rule[.]").  A cursory review of Plaintiff's litigation
27   history on PACER and Westlaw reveals numerous other civil actions filed by Plaintiff
     over the years, with at *least* one of them clearly qualifying as a strike under § 1915(g).
     *See Rojo v. Bonnhiem, et al.*, C. D. Cal., Western Div. Civil Case No. 2:09-cv-02762-R-
28   MLG, 2009 WL 1972068 at *2-3 (July 6, 2009) (Order dismissing Amended Complaint
     for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend).