**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. ROJO,<br>CDCR #J-53355,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>D. PARAMO, Warden; A. HERNANDEZ, Deputy Warden; Mr. BEARD, Secretary CDCR; JONES, Correctional Officer; SMITH, Correctional Officer; Dr. M. GARIKAPARTHI,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　13cv2237 LAB (BGS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, DENYING RECONSIDERATION AND DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**<br><br>**(ECF Doc. No. 22)** |

**I.　　Procedural History**

On May 8, 2013, James E. Rojo ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California.

On September 17, 2013, United States District Judge William H. Orrick determined that Plaintiff's claims arose at RJD; therefore, venue was proper in the Southern District of California and the matter was transferred here pursuant to 28 U.S.C. §§ 84(d), 1391(b) and 1406(a) (ECF Doc. No. 8). Judge Orrick did not rule on Plaintiff's Motion to Proceed *In Forma*

*Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), nor did he screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A prior to transfer.

On October 25, 2013, this Court granted Plaintiff's Motion to Proceed IFP, but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b) (ECF Doc. No. 11). Specifically, the Court dismissed Plaintiff's claims against RJD on Eleventh Amendment grounds, *id.* at 5, dismissed his claims against the Director/Secretary of the CDCR and RJD Wardens Paramo and Hernandez because Plaintiff failed to allege any individualized wrongdoing on their parts, *id.* at 5-6, dismissed his allegations of verbal harassment on the part of Correctional Officers Smith and Jones because he failed to allege facts which might give rise to an Eighth Amendment violation, *id.* at 6, and dismissed Plaintiff's vague mention of "being denied medical treatment" and deprived of his property because his Complaint contained only "naked assertions" and no "further factual enhancement" sufficient to state a plausible claim for relief under either the Eighth or Fourteenth Amendments. *Id.* at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies identified in the Court's Order. *Id.* at 8-9.

Plaintiff filed a First Amended Complaint ("FAC") (ECF Doc. No. 13), but it too was dismissed sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF Doc. No. 14). Because Plaintiff's FAC continued to name RJD, its Wardens, and the Secretary of the CDCR as Defendants, and continued to suffer from the same pleading problems noted in the Court's October 25, 2013 Order, it was dismissed for failing to state a claim upon which relief can be granted. *Id*. at 7. To the extent Plaintiff appeared, for the first time, to specifically challenge the validity of a three-month stint in Administrative Segregation, however, he was advised of the pleading requirements necessary to show a liberty interest under the Fourteenth Amendment and *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995), and provided another opportunity to amend. *Id.* at 5-7.

On May 16, 2014, Plaintiff filed his Second Amended Complaint ("SAC") (ECF Doc. No. 15), which re-named all previously named parties except RJD, and added an additional

defendant, Dr. M. Garikaparthi. *See* SAC at 1, 2. Two weeks later, on May 30, 2014, Plaintiff also submitted a Motion for Preliminary Injunction (ECF Doc. No. 20).

On June 10, 2014, the Court denied Plaintiff's Motion for Preliminary Injunction, screened his Second Amended Complaint, and dismissed it in its entirety for continuing to fail to state *any* claim upon which § 1983 relief could be granted against *any* named Defendant. *See* June 10, 2014 Order (ECF Doc. No. 21). Specifically, the Court dismissed all claims previously alleged against R.J. Donovan State Prison, D. Paramo, Warden, A. or Alan Hernandez, Deputy Warden, J. Beard, Director/Secretary of the CDCR, D. Jones, and D. Smith, Correctional Officers, and Plaintiff's inadequate medical treatment claims against Dr. M. Garikaparthi without further leave to amend. *Id.* at 11-12. Because Plaintiff had not been previously apprised of his deficiencies of pleading regarding one newly added claim of retaliation against Defendant Garikaparthi, however, the Court granted Plaintiff "one final opportunity to amend *this* claim against *this* Defendant only." *Id.* at 9-10 (emphasis original). Plaintiff was ordered not to "include any additional claims against Garikaparthi or any other party," denied leave to add any new parties, and cautioned that his failure "to adhere to the directions set forth in [the Court's] Order," would result in dismissal of the entire action without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *Id.* at 12.

In response, Plaintiff filed a document entitled "Respond to Order of 6-10-14 Third Amended Complain[t] and Objections to the Court[']s Order" which the Court will liberally construe as both a request for reconsideration of the Court's June 10, 2014 Order as well as his Third Amended Complaint ("TAC") (ECF Doc. No. 22).

**II.    "Objections" and Reconsideration**

While the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, the Court may reconsider matters previously decided under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that a ruling may be re-considered under Rule 59(e) motion where it involves "'matters properly encompassed in a [previous] decision on the merits.'" 489 U.S. at 174 (quoting *White v. New*

*Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Reconsideration is generally appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff appears to object to the Court's prior Orders finding he failed to state a claim against Warden Paramo and Deputy Warden Hernandez on grounds that they "were aware that plaintiff was not guilty of the charges that put him into Administrative Segregation." *See* TAC at 1-2.  He further seeks to "submit documentation" to show that Officers Smith and Jones "acted under color of state authority" and "tr[ied] to have inmates attack [him]." *Id.* at 2-3. Finally, Plaintiff claims he continues to suffer from various medical ailments for which Dr. Garikaparthi "has failed to administer the necessary medical . . . care." *Id.* at 4.  As noted above, however, the Court has already twice considered and dismissed due process claims related to Plaintiff's segregation, and all his Eighth Amendment claims, only after apprising him of his pleadings deficiencies and giving him ample opportunity to correct them. *See* Oct. 25, 2014 Order (ECF Doc. No. 11); April 23, 2014 Order (ECF Doc. No. 14).  It was only after Plaintiff failed for a third time to plead a claim to relief as to any of these allegations that was "plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that the Court denied him further leave to amend.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1119 (9th Cir. 2014) (noting that district court's discretion in denying amendment is "'particularly broad' when it has previously given leave to amend.") (citation omitted).

The objections Plaintiff's raises in his TAC offer no "further factual enhancement" sufficient to state any plausible claim for relief. *Iqbal*, 556 U.S. at 679.  And while the Court has continually construed all of Plaintiff's pleadings liberally and in the light most favorable to him, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), it simply may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Thus, because Plaintiff's has failed to present the Court with any with newly discovered evidence, has identified no clear error, demonstrated no manifest injustice, and has pointed to no intervening change in controlling law, *see School Dist. No. 1J*, 5 F.3d at 1263, his objections are overruled and his request for reconsideration is DENIED.

### III.  Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

#### A.  Standard of Review

As Plaintiff is now well aware, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff's TAC, like his previous complaints, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and

must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

And while the court has noted its obligation in pro se cases to construe the pleadings liberally and to "afford the petitioner the benefit of any doubt," *Hebbe*, 627 F.3d at 342 & n.7, "vague and conclusory allegations of official participation in civil rights violations" remain insufficient to state a claim upon which § 1983 relief may be granted. *Ivey*, 673 F.2d at 268.

### B.   Plaintiff's Third Amended Complaint

While the Court's June 10, 2014 Order denied Plaintiff leave to further amend most of his claims, he *was* granted leave to file a Third Amended Complaint in order to correct his deficiencies of pleading a claim for retaliation against Dr. Garikaparthi. *See* June 10, 2014 Order at 8-10. Plaintiff was advised that "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff was further cautioned that retaliation is not established simply by pointing to adverse action following protected speech, and that in addition he must allege facts to plausibly suggest a nexus between the two. *See Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000).

In his TAC, Plaintiff continues to claim he "filed [a claim] with the medical board" regarding arguments he had with Garikaparthi's as to his medical prescriptions, and that Garikaparthi "started advising other doctors . . . not to issue anything that would help [Plaintiff's] pain." *See* TAC at 4. But that's all he says, and he still fails to offer any facts from which a reasonable inference might be drawn that Garikaparthi took adverse action against him *because* he had engaged in protected conduct. *See Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014) (finding "mere speculation that defendants acted out of retaliation" insufficient); *Sorrano's Gasco Inc. v. Morgan*, 874 F.3d 1310, 1314 (9th Cir. 1995) (plaintiff's protected

conduct must be the "substantial or "motivating" factor in defendant's decision to act); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In addition, Plaintiff still fails to explain how he was "chilled" by Garikaparthi's actions, *see Rhodes*, 408 F.3d at 568 n.11, or claim that any of Garikaparthi's decisions failed to advance a legitimate penal interest. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994 (per curiam) (retaliatory action must be alleged to have "advanced no legitimate penological interest.").

Thus, for all these reasons, the Court finds Plaintiff's TAC still fails to state a retaliation claim against Dr. Garikaparthi upon which relief can be granted, and therefore it requires dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004. Because Plaintiff has already been provided an opportunity to amend this claim, as well as all his other previously pleaded claims on several occasions, but to no avail, the Court finds further leave to amend at this juncture would simply be futile. *See Gonzalez*, 759 F.3d at 1116 ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## IV. Conclusion and Order

For the reasons set forth above, IT IS HEREBY ORDERED that:

1) Plaintiff's Objections to the Court's June 10, 2014 Order are OVERRULED, reconsideration is DENIED, and Plaintiff's Third Amended Complaint (ECF Doc. No. 22) is DISMISSED for failing to state a claim upon which § 1983 relief may be granted without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2) The Court further CERTIFIES that an IFP appeal from this final Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

///

///

1 | The Clerk shall close the file.

DATED: November 14, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge